IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 3:25-CR-226-N |
| | § | |
| ADAYOMI TEMITOPE ADEMUYIWA (03) | § | |

**DEFENDANT ADEMUYIWA'S MOTION TO DISMISS INDICTMENT**

TO THE HONORABLE DAVID C. GODBEY, SENIOR UNITED STATES DISTRICT JUDGE FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION:

COMES NOW the Defendant, ADAYOMI TEMITOPE ADEMUYIWA, by and through undersigned counsel and files this Motion to Dismiss the Indictment based on the Government removing him from the United States of America and making it impossible for him to attend his forthcoming trial or assist in his own defense. In support of said motion, the Defendant would show unto the Court as follows:

**I.**

**Procedural History and Background**

The Defendant was indicted in a multi-count indictment with one count of Conspiracy to Commit Access Device Fraud in violation of 18 U.S.C. § 1029(b)(2), one count of Access Device Fraud in violation of 18 U.S.C. § 1029(a)(2) and (c)(1)(A)(I), and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A. Doc. 1. The Defendant made his first appearance in this case on June 16, 2025 and was appointed the undersigned as his counsel. Doc. 32. The Government sought to detain him related to the charges and a detention hearing was held before Judge Rutherford on June 18, 2025. Doc. 38. At the conclusion of the hearing, Judge Rutherford ordered his release. Doc. 39. The Defendant subsequently filed two separate

motions to continue the trial setting in order to allow additional time to prepare for trial. Doc. 44, 50. Both of these motions were granted. Doc. 45, 51.

Rather than allowing the Defendant to be released on conditions of release after it lost its motion to restrain his liberty, the Government instead sought to detain him via immigration proceedings using DHS/ICE. The Government via DHS/ICE made the decision to deny him a bond, and then when the Defendant sought a bond from an Immigration Judge, the Government argued that the serious nature of the charges in this case were such that he should be denied a bond. In other words - the Government used the precise same argument that Judge Rutherford rejected to convince an Immigration Judge working under the Executive Branch that the Defendant should be detained. That Immigration Judge agreed, and ordered that the Defendant be held in custody without the possibility of getting a bond unless the Government were to reduce the seriousness of the pending criminal charges.

The Defendant then remained in immigration custody for several months and was deported by DHS/ICE to Nigeria on January 21, 2026. The undersigned learned of his client being removed to Nigeria through the Defendant's U.S. citizen wife on January 30, 2026.

The case remains set for trial[1] on March 2, 2026 and the Defendant is unable to return to the United States having been deported and removed by the Government that seeks to prosecute him in this matter.

## II.

## Legal Authority

---

[1] The Defendant has been informed that co-defendant Yusuff will be filing a Motion to Continue the trial setting in this matter. For the reasons stated in this Motion, the Defendant is opposed to any continuance of the trial setting in this matter however he is unopposed to the Court severing his case from the co-defendant. The Defendant wishes to invoke his right to a speedy trial with the filing of this motion.

Under Fed. R. Crim. P. 43(a)(2), a Defendant must be present at "every stage of trial". See *Crosby v. United States*, 506 U.S. 255 (1993). Where the Government is responsible for restraining the freedom of the Defendant via detention, it bears the burden of producing him to trial in order to allow him to confront his accusers and be present at every stage of his trial. The Defendant has not and will not waive (1) his right to be present at every critical stage of the trial, (2) to confront the witnesses against him, and (3) to potentially testify in his own defense at trial should he elect to do so.

The Defendant is entitled to a Speedy Trial under the Constitution and the Speedy Trial Act. *Barker v. Wingo*, 407 U.S. 514 (1972). The Speedy Trial Act found at 18 U.S.C. § 3161 is the controlling statute at issue in this case. See also *Zedner v. United States*, 547 U.S. 489 (2006). The Speedy Trial Act requires commencement of trial within 70 non-excludable days of the information or indictment, or when the defendant first appears before the court, whichever is later. *United States v. Parker*, 505 F.3d 323, 326 (5th Cir. 2007). The Defendant wishes to proceed to trial in this matter and objects to any additional tolling of the Speedy Trial clock.

### III.

### Motion

The allegations in the Indictment in part allege that the Defendant conspired with others obtain money that was not their by means of fraudulent use of debit cards and other devices. The allegations also involve the Defendant allegedly sharing a residence with co-conspirators in this case. The Defendant denies the Government's allegations and the undersigned needs the assistance of his client at trial in defending against the specific allegations and evidence that the Government will bring to Court. Additionally, the Defendant has a right to confront his accusers and see all of the evidence at trial in order to inform his decision on whether or not he wants to

testify in his own defense.

Instead of allowing the Defendant to exercise these rights, the Government is denying the Defendant his rights by simultaneously pursuing a federal criminal prosecution and refusing to allow him to attend the critical proceedings of that prosecution by removing him from the United States. As it is the Government who has caused his removal from the United States, they cannot be allowed to benefit from this action and therefore this case must be dismissed with prejudice in the interests of justice.

WHEREFORE, PREMISES CONSIDERED, the Defendant respectfully requests this Honorable Court to issue an order dismissing the indictment with prejudice against the Government from re-indicting the Defendant based on their removing him while the case remains pending.

Respectfully Submitted,

 /s/ Paul T. Lund
Paul T. Lund
State Bar No. 24070185
900 Jackson Street, Suite 430
Dallas, Texas 75202
Phone: 214-997-3907
Fax: 214-613-1067

Attorney for Defendant
Adayomi Temitope Ademuyiwa

CERTIFICATE OF CONFERENCE

Pursuant to Local Criminal Rule 47.1(h), conference with the Government is not required for a Motion to Dismiss as it is assumed they oppose such a motion.

/s/ Paul T. Lund
_____
Paul T. Lund

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing motion was delivered by ECF filing to Madeleine Case, the Assistant United States Attorney in charge of this case on February 5, 2026.

*/s/ Paul T. Lund*
_____
Paul T. Lund