IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:25-CR-226-N-3 |
| v. | |
| ADAYOMI TEMITOPE ADEMUYIWA (03) | |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS INDICTMENT (Dkt. 60) AND REQUEST TO PROCEED TO TRIAL (Dkt. 64)**

During the pendency of the instant criminal proceeding, the United States Attorney's Office, through the undersigned Assistant United States Attorney, has endeavored to keep defendant Adayomi Temitope Ademuyiwa in United States Marshals Service ("USMS") custody to answer the criminal charges against him. Yet, confident that he would get bond in his civil immigration case, the defendant sought bond in his criminal case. The defendant was wrong. Because he did not receive bond in the civil immigration case and was subsequently deported, the defendant now seeks dismissal of his criminal case. But the negative outcome of a civil proceeding should not cause the dismissal of a criminal proceeding. The Court should deny the defendant's motion to dismiss the indictment. Additionally, the Court should sever the defendant's case from his co-defendant's case and, because the defendant will not proceed to trial *in absentia*, the Court should issue a warrant for the defendant's arrest when he fails to appear for trial on March 2, 2026.

## PROCEDURAL HISTORY

The defendant was charged by indictment on May 25, 2025 with conspiracy to

commit access device fraud, access device fraud, and aggravated identity theft. (Dkt. 1.) He made his initial appearance in the Northern District of Texas on June 16, 2025. (Dkt. 30.) The government moved for the defendant's pretrial detention based on the nature of the charges and a pending Immigration and Customs Enforcement ("ICE") hold against the defendant. (*See* Dkt. 28.) The defendant requested a detention hearing.

On the day prior to the detention hearing, the undersigned emailed a copy of the ICE hold to the defendant's counsel and the Magistrate Court.

The detention hearing was held on June 18, 2026. (*See* Dkt. 38.) The Magistrate Court granted the defendant's request for pretrial release. (Dkt. 39.)[1] But at the conclusion of the hearing, the defendant sought to "reserve" his right to reopen detention in his criminal case if he did not, as he hoped, get a bond in his civil immigration case.[2] In other words, the *defendant* wanted to *request detention* in USMS custody if the alternative was detention in immigration custody. The Magistrate Court admonished the defendant that, once released from USMS custody, the Magistrate Court could not reopen the issue of detention for such a reason.[3]

The defendant did not get a bond in his civil immigration case. Def. Mtn. at 2. Thereafter, the next court proceeding for which the government could have obtained a

---

[1] The government has ordered a transcript of the detention hearing which can be made available to the Court and defense counsel upon receipt. The undersigned believes that, in addition to providing a copy of the ICE hold to the Magistrate Court and defendant prior to the detention hearing, the ICE hold was entered as an exhibit during the detention hearing; but without the transcript, the undersigned cannot be certain.
[2] The government will make available a transcript of the proceeding upon receipt.
[3] The government will make available a transcript of the proceeding upon receipt.

**Response to Def.'s Mtn. to Dismiss Indictment—Page 2 of 7**

writ was trial. *See United States v. Sylvester*, No. 23-CR-80222-RLR, 2023 WL 4536847, at *5 (S.D. Fla. July 14, 2023), *report and recommendation adopted*, No. 23-CR-80222-RLR, 2023 WL 4581341 (S.D. Fla. July 18, 2023) ("The only way to get [the defendant] to Court from immigration custody is with a writ.  When the Court proceeding(s) corresponding to the writ end, he should be returned to immigration custody).  This Court set trial for August 25, 2025.  (Dkt. 40.)

On July 28, 2025, the defendant requested a continuance of the trial date, which the government did not oppose.  (Dkt. 44.)  Trial was reset to December 1, 2025.  (Dkt. 45.)  On October 29, 2025, the government communicated a plea offer to the defendant.  The defendant requested time to consider the offer and respond to the government.

Shortly thereafter, the defendant requested a second continuance of the trial date; again, the government did not oppose.  (Dkt. 50.)  That motion was granted.  (Dkt. 51.)

The defendant was deported from the United States on or about January 21, 2026.

## ARGUMENT

The Court should not dismiss the criminal case against the defendant because of an outcome that occurred in a civil immigration proceeding.  The Court should deny the defendant's request to dismiss the indictment and instead sever the case from his co-defendant and issue an arrest warrant at the defendant's next non-appearance.

**I.  The defendant oversimplifies the intersection of the Bail Reform Act ("BRA") and the Immigration and Nationality Act ("INA") by describing the corresponding authorities as "the Government."**

The defendant's characterization of his deportation as "the Government [ . . . ] simultaneously pursuing a federal criminal prosecution and refusing to allow him to

attend the critical proceedings of that prosecution," Def. Mtn. at 4 (Dkt. 60), conflates distinct criminal and civil proceedings. It is not only possible, but lawful, that a defendant who is released pending trial in a criminal matter may nonetheless be detained pending civil immigration proceedings. *See United States v. Lett*, 944 F.3d 467, 472-73 (2d Cir. 2019) (rejecting argument that "ICE is barred from deporting criminal defendants during the pendency of their criminal cases—and therefore from detaining such defendants under the INA" because the pertinent regulations "merely prohibit aliens who are parties to a criminal case from departing from the United States *voluntarily*; they do not affect the government's authority *to deport* such aliens pursuant to final orders of removal.") (emphasis in original). In *United States v. Baltazar-Sebastian*, the Fifth Circuit confirmed that, "[f]undamentally, the BRA and INA concern separate grants of Executive authority and govern independent criminal and civil proceedings." 990 F.3d 939, 945 (5th Cir. 2021); *see also United States v. Vasquez-Benitez*, 919 F.3d 546, 552 (D.C. Cir. 2019) ("Detention of a criminal defendant pending trial pursuant to the BRA and detention of a removable alien pursuant to the INA are separate functions that serve separate purposes and are performed by different authorities.") That is why, after releasing the defendant pending trial, this Court could not return the defendant to USMS custody without a writ, and even then, only for a specific criminal hearing. *Sylvester*, 2023 WL 4536847, at *5.

      The defendant attempts to manufacture an injury by describing the Department of Justice and ICE as one entity, but he knows—because the Magistrate Court warned him—that the authorities do not have overlapping jurisdiction. An Assistant United

States Attorney can no more oppose deportation in civil immigration proceedings than an Immigration Judge can order the defendant's detention pending a criminal trial. The defendant was explicitly admonished by the Magistrate Court about the consequences of seeking pretrial release. But the defendant rolled the dice with civil immigration court anyway, and the defendant ultimately faced the worst consequence of that choice. To dismiss the indictment against the defendant because the criminal prosecuting authority has somehow "denied" the defendant his Constitutional rights is to ignore the role that the defendant's decision played in his criminal case. The defendant sought pretrial release in his criminal case over the warnings of the Magistrate Court and over the government's objection. The defendant also sought two continuances of the trial date. The Court should not dismiss the indictment and reward the defendant's mistake. The Court should deny the defendant's request.

### II. The U.S. Attorney's Office has made every reasonable effort to protect the defendant's Constitutional rights.

The U.S. Attorney's Office has attempted to resolve this case expeditiously, and victims will be prejudiced if the case against the defendant is dismissed. The U.S. Attorney's Office sought to keep the defendant in federal custody and conveyed discovery and a plea offer to the defendant before the defendant's second continuance request. Furthermore, if the indictment is dismissed, the statute of limitations will have run on the third count with which the defendant is charged and will imminently run on the other two. These counts involve victims whose identities and benefits were stolen by the defendant, and who may not see justice accomplished if the defendant ever returns to

the United States. The Court should accordingly deny the defendant's request.

### III. The defendants' cases should be severed.

In light of the above, the Court can (1) continue the defendant's trial date over the objection of the defendant; (2) sever the defendant's case from his co-defendant and issue a warrant when the defendant does not appear at the current trial setting of March 2, 2026, or (3) proceed to trial *in absentia*. The defendant has invoked his right to a Speedy Trial and made clear that he does not intend to renounce his right to be present at trial and assist counsel. Def. Mtn. at 3 (Dkt. 64.) Therefore, the undersigned believes that the best way to proceed is by severing the co-defendants' cases and issuing a bench warrant for the defendant at his next non-appearance. Because the defendant would be absent and unavailable within the meaning of 18 U.S.C. § 3161(h)(3), the Speedy Trial Act would be tolled.

If the Court determines that it would like the parties to proceed to trial *in absentia*, the U.S. Attorney's Office would request a continuance of the trial date and associated pretrial deadlines for further consideration of the issue.

## CONCLUSION

For the foregoing reasons, the defendant's Motion to Dismiss Indictment (Dkt. 60) should be denied. Defendant Ademuyiwa's case should be severed, a warrant for his arrest should be issued at his next non-appearance, and the matter should remain pending until such time as the defendant is apprehended (should he ever return to the United States) or otherwise brought before the Court.

       Respectfully submitted,

       RYAN RAYBOULD
       UNITED STATES ATTORNEY


       /s/ *Madeleine S. Case*
       MADELEINE S. CASE
       Assistant United States Attorney
       Texas Bar No. 24125166
       1100 Commerce Street, Third Floor
       Dallas, TX  75242-1699
       Telephone:  214-659-8600
       Facsimile:  214-659-8805
       Madeleine.Case@usdoj.gov


## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this document was filed via the Court's CM/ECF System on this 19th day of February, 2026.


       /s/ *Madeleine S. Case*
       MADELEINE S. CASE
       Assistant United States Attorney